IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                         No. CR 09-1801 JB

LUIS CARLOS SANCHEZ-CALDERON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Variance and Sentencing Memorandum, filed September 1, 2009 (Doc. 17). The Court held a sentencing hearing on October 20, 2009. The primary issue is whether the Court should grant Defendant Luis Carlos Sanchez-Calderon a departure or variance for a sentence lower than the advisory guideline range. For the reasons stated on the record at the sentencing hearing, and for further reasons consistent with those already stated, the Court denies Sanchez-Calderon's requests.

**FACTUAL BACKGROUND**

Sanchez-Calderon has had a number of run-ins with the law, some of which were relatively recent. He has thrice pled guilty -- on November 8, 1989, March 14, 1991, and, most recently, April 29, 2009 -- to driving under the influence of drugs or alcohol. See Presentence Investigation Report ¶¶ 23-24, 27, at 6, 8 (dated August 10, 2009)("PSR"). On June 28, 1994, Sanchez-Calderon was convicted by jury verdict on two felony counts of trafficking cocaine. See PSR ¶ 25, at 7. Finally, in November of 1994, he pled guilty to a felony charge of assault with a deadly weapon. See PSR ¶ 26, at 7. Furthermore, Sanchez-Calderon has been deported to Mexico twice before the incident

at issue in this case: (I) on February 10, 1999; and (ii) again a few months later, on May 7, 1999. See PSR ¶¶ 5, 29, at 5, 8.

## PROCEDURAL BACKGROUND

On July 1, 2009, Sanchez-Calderon pled guilty to a one-count information charging a violation of 8 U.S.C. §§ 1326(a) and (b), re-entry of a removed alien pursuant to a Non-Standard Fast Track plea agreement. The United States Probation Office prepared the PSR, finding that Sanchez-Calderon's adjusted offense to be 20 and his criminal history category to be IV, resulting in a guideline imprisonment range of 51 to 63 months. See PSR ¶¶ 14-28, at 4-8; id. Part D. On September 1, 2009, Sanchez-Calderon filed a Sentencing Memorandum requesting a "much lower sentence" seemingly based both on a departure for aberrant behavior under U.S.S.G. § 5K2.20 and a variance based on the 18 U.S.C. § 3553(a) factors. See Motion for Variance and Sentencing Memorandum at 4, filed September 1, 2009 (Doc. 17)("Motion").

On September 4, 2009, the United States filed its Response to Defendant's Sentencing Memorandum, opposing Sanchez-Calderon's requests. See United States' Response to Defendant's Sentencing Memorandum at 1, filed September 4, 2009 (Doc. 18)("Response"). For the reasons stated in its response, the United States opposes any departure or variance from the guideline imprisonment range.

## ANALYSIS

In the opening to his Sentencing Memorandum, Sanchez-Calderon appears to be requesting both a downward departure under U.S.S.G. § 5K2.20 and a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). See Motion at 1. In the body of his brief, however, he discusses only the § 3553(a) factors, suggesting that he does not, in fact, request a downward departure on the basis of U.S.S.G. § 5K2.20.

Sanchez-Calderon asserts that his case is different from that of most re-entering, removed aliens, because he was not offered a Fast-Track Plea Agreement, and instead he entered a plea of guilty to an Information to a Non-Standard Fast-Track Plea Agreement. See Motion at 2. He asserts that he has been in the United States since 1981, is now married to a United States citizen, and has two children, though he has little contact with or knowledge of his family in Mexico. See Motion at 2-3. He has lived and worked in the Gallup, New Mexico area since he arrived in the United States. See id. at 2. He is apparently much loved by his friends and family, as indicated by the letters attached to the Motion. See Motion Exhibits A-M. Based on these factors, and the fact that he has been a hard-worker all his life, as allegedly demonstrated by his extensive work history, Sanchez-Calderon requests that the Court sentence him to "a much lower sentence than that called for by the sentencing guidelines." Motion at 3-4.

## I.  SANCHEZ-CALDERON'S CHARGE IS NOT "ABERRANT BEHAVIOR."

It is unclear from his Sentencing Memorandum whether Sanchez-Calderon is requesting a downward departure based on U.S.S.G. § 5K2.20, aberrant behavior. In the opening paragraph of his Sentencing Memorandum, Sanchez-Calderon mentions U.S.S.G. § 5K2.20, but does not further address the issue in the body of the Sentencing Memorandum. See Motion at 1. At the hearing, Sanchez-Calderon stated that he was seeking a variance and not a departure:

> THE COURT:  All right Mr. Gandert, let me ask you on your sentencing memorandum, the United States characterized your sentencing memorandum as asking for both a departure and a variance.  Is it seeking just a variance or is it also seeking a downward departure.
>
> MR. GANDERT:  It's seeking a variance downward basically, Your Honor.
>
> THE COURT: All right.
>
> MR. GANDERT: In fact, I'm going to have to make sure that I get those the guideline.

>THE COURT: Language out.
>
>MR. GANDERT: Language out of there. Essentially, it's a variance from the sentencing guidelines.

Transcript of Hearing at 4:16-5:3 (taken October 20, 2009)(Court, Gandert).[1]

So, although it now appears that Sanchez-Calderon does not seek a downward departure, the United States' written response first opposes Sanchez-Calderon's motion regarding U.S.S.G. § 5K2.20, a policy statement dealing with aberrant behavior. See Response at 2. That Section of the sentencing guidelines provides: "The Court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (I) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20(b). The United States asserts that Sanchez-Calderon has not led an otherwise law-abiding life. To the contrary, it asserts, he has prior deportations, two counts of trafficking in cocaine, and a count for aggravated assault with a deadly weapon. See Response at 2 (citing PSR ¶¶ 23-28, at 6-8). The Court agrees that this re-entry is not an aberrant-behavior situation. Because Sanchez-Calderon does not request a downward departure, however, the Court need not deny any motion for a downward departure. On the other hand, the Court will take the United States' analysis of Sanchez-Calderon's criminal history into account when conducting the analysis of the factors in 18 U.S.C. § 3553(a).

## II.   THE BALANCE OF THE 18 U.S.C. § 3553(a) FACTORS WEIGHS AGAINST A DOWNWARD VARIANCE.

The United States next argues that the Court should apply the analysis of United States v. Booker, 543 U.S. 220 (2005), and Rita v. United States, 127 S. Ct. 2456 (2007), to decide on the

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

proper sentence for Sanchez-Calderon. See Response at 2-3. It insists that Congress has indicated that re-entry is a serious crime, emphasizes Sanchez-Calderon's extensive criminal history, and argues that a sentence within the guideline range is appropriate to further the sentencing goals of promoting respect for the law, providing just punishment, deterring future violations and protecting the public. See Response at 3-5. Finally, the United States insists that the Court should not be moved by Sanchez-Calderon's apparent good intentions in returning to this country because "[m]ost defendants charged with illegally entering the United States after deportation could make arguments similar to the ones made by [Sanchez-Calderon]," and thus "[t]he exception would swallow the rule." Response at 5. Again, the Court is persuaded by the United States' argument -- particularly that the facts of Sanchez-Calderon's case are not unique and that granting a downward variance in this case would mean that most re-entry cases would warrant a downward variance. For the reasons stated on the record at the sentencing, and for further reasons consistent with those already stated, the Court denies Sanchez-Calderon's request for a variance based on the 18 U.S.C. § 3553(a) factors and will sentence Sanchez-Calderon to a prison term within the sentencing guideline range.

**IT IS ORDERED** that the Defendant's request for a variance in his Motion for Variance and Sentencing Memorandum is denied. The Court therefore sentences Sanchez-Calderon to a term of 51 months in the custody of the Bureau of Prisons, a term at the bottom of the guideline range.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Holland Kastrin
  Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Joseph W. Gandert
   Assistant Federal Public Defender
Albuquerque, New Mexico

  *Attorney for the Defendant*