**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                          No. CIV 10-0618 JB/LAM
                                                                   CR 09-1801 JB

LUIS CARLOS SANCHEZ CALDERON,

        Defendant/Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 9, 2010 (Doc. 12)("PFRD"); and (ii) the Defendant/Movant's Objections to the Magistrate's Findings and Recommendations, filed January 3, 2011 (Doc. 13)("Objections").[1] Plaintiff/Respondent United States of America did not file any objections to the PFRD nor did it respond to Defendant/Movant's Luis Carlos Sanchez Calderon's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PFRD to which Calderon objects, and finds that his objections lack a sound basis in the law or in the facts of the case. Accordingly, the Court has determined that it will: (i) overrule the objections; (ii) adopt the PFRD; (iii) deny the claims raised in Calderon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 29, 2010 (Doc. 1); and (iv) dismiss the case with prejudice.

Calderon's first objection is that the Honorable Lourdes A. Martinez, United States Magistrate Judge's finding that he "is ineligible to a fast-track because of his criminal history is in

---

[1]Unless otherwise noted, all referenced documents are from Case No. CIV-10-0618.

error." Objections at 3 (Doc. 13).[2]  Calderon states that Magistrate Judge Martinez erred because a memorandum from the Attorney General of the United States outlining principles for implementing fast-track programs states that cases eligible for the program will not include offenses designated as crimes of violence; however, Calderon contends that this "reference to 'crime of violence' has nothing to do with criminal history, or a defendant's eligibility for fast-track disposition in relation to his criminal history." Objections at 4.  Calderon contends therefore that, because he pled guilty to the crime of illegal reentry, which is not a crime of violence, his counsel

---

[2] In Section 401(m)(2)(B) of the 2003 Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT Act"), Congress approved early disposition or fast-track programs.  Regarding illegal re-entry cases, "the fast track program currently implemented in the District of New Mexico is a departure-based program." Memorandum to the Deputy Attorney General from Gregory J. Fouratt, United States Attorney, Revised Request for Modifications to the Current Fast-Track Prosecution Program at 1 (dated September 25, 2008)("Memorandum").  A defendant who accepts a rule 11(c)(1)(C) plea agreement pursuant to the fast-track program reduces his or her offense level.  See Memorandum at 1.  There are non-standard fast-track plea agreements and standard fast-track plea agreements.  Under a non-standard fast-track plea agreement, a defendant retains his or her right to file a United States v. Booker, 543 U.S. 220 (2005) motion, whereas under a standard fast-track plea agreement, the defendant waives his or her right to file a Booker motion.  See Memorandum at 5.  The defendant gives up his or her right to appeal in all fast-track plea agreements.  The United States Attorneys do not have to offer a standard fast-track plea agreement to every defendant, and may choose to not offer a defendant the standard fast-track plea agreement based on his or her criminal history.  Cf. Memorandum at 5.  Although Calderon contends that his counsel was ineffective for failing to ask the United States for an offer to recommend a reduction in his base offense level based on his timely acceptance of responsibility and in accordance with the fast-track program for illegal re-entry cases, Calderon benefitted from the fast-track program, as he entered into a non-standard fast track plea agreement.  See Non-Standard Fast Track Plea Agreement filed in CR 09-1801, filed July 1, 2008 (Doc. 14).  Calderon appears to argue that his counsel was ineffective for failing to pursue a further reduction in his base offense level by requesting a standard fast-track plea agreement.  Calderon, however, was not eligible for a standard fast-track plea offer, because "[p]ursuant to the terms of the Fast-Track program . . . the United States may not offer a standard Fast-Track plea offer to any defendant with a prior conviction for a crime of violence." See PFRD at 6 (quoting Government's Response to a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, filed August 2, 2010 (Doc. 9)("Response").  Calderon had a felony conviction for aggravated assault with a deadly weapon and for drug trafficking.  See Transcript of Hearing at 6:10-13 (taken October 20, 2009), filed July 26, 2010)(CR Doc. 37)(Gandert)('Tr.").

should have argued for application of the fast-track program to his criminal case.  See Objections at 4.  The Court agrees with Magistrate Judge Martinez' finding that it was not unreasonable for Calderon's counsel to not pursue a standard fast-track plea offer when both the United States and Calderon's counsel state that he was ineligible for such an offer.  See PFRD at 6-7.  The Attorney General's memorandum that Calderon cites in support of his objection, which is titled "Department Principles for Implementing an Expedited Disposition or 'Fast-Track' Prosecution Program in a District," states that, if a district wishes to implement a fast-track program, the program may not include cases involving offenses designated as "crimes of violence."  See Memorandum to All United States Attorneys from John Ashcroft, Attorney General at 2 (dated September 22, 2003), http://www.justice.gov/ag/readingroom/ag-092203.pdf.[3]  While this principle does not explicitly state that fast-track programs cannot include cases involving criminal histories containing crimes of violence, there is nothing in the principles that would preclude a district implementing a fast-track program from excluding such cases from its fast-track program if it chooses to do so, as the United States Attorney's Office for the District of New Mexico has done.  See Response at 7.  Calderon fails to provide any support for his contention that the United States would have been required to make Calderon a standard fast-track plea offer if his counsel had asked for one and, therefore, Calderon fails to provide a reasonable probability that the outcome of his case would have been any different if his counsel had pursued such a plea offer.  The Court, therefore, overrules this objection.

Calderon's second objection is that Magistrate Judge Martinez erred in finding that his counsel was not ineffective for failing to argue at sentencing that his sentence was unreasonable in comparison with the sentences of defendants under standard fast-track programs.  See Objections

---

[3] Site last visited January 31, 2011.

at 4-7. Specifically, Calderon states that Magistrate Judge Martinez failed to consider his "claim that his counsel was ineffective for failing to ask the court to consider the factors set forth in Section 3553(a) to avoid disparities among defendants with similar records who have been found guilty of similar conduct." Objections at 6. The Court agrees with Magistrate Judge Martinez' finding that Calderon's counsel made this argument, both in his sentencing memorandum and at his sentencing hearing, by arguing that he should receive a downward variance because otherwise his sentence would be longer than sentences for defendants offered the standard fast-track plea agreement. See PFRD at 10 (citing Motion for Variance and Sentencing Memorandum at 2, filed September 1, 2009 (CR Doc. 17); Tr. at 6:16-9:16 (Gandert)). Calderon's objection, therefore, lacks a sound basis in the facts, because his counsel raised the argument that the Court should consider that his sentence would be longer than sentences for defendants with standard fast-track plea agreements. Moreover, the Court considered and rejected this argument, explaining that the fact that Calderon had been deported on two occasions subsequent to his trafficking-in-cocaine conviction, he had a felony conviction for aggravated assault with a deadly weapon, and he "had problems with DWI's on two or three occasions, including very recently," led the Court to find that "if it were to vary in this case it would almost have to vary in almost all reentry cases." Tr. at 15:1-16:7 (Court). Accordingly, the Court overrules this objection.

Finally, Calderon objects to Magistrate Judge Martinez' finding that his counsel was not ineffective for failing to consult with him about filing an appeal. See Objections at 7-8. Calderon contends that his counsel was required to consult with him to advise him about the advantages and disadvantages of filing an appeal, and to make a reasonable effort to discover his wishes about filing an appeal. See Objections at 8 (citing Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)). The Court disagrees with this objection. As Magistrate Judge Martinez explained in the PFRD, counsel are not

required to consult with all defendants about filing an appeal and, when counsel does not consult with a defendant about filing an appeal, the Court must consider several factors to determine whether it was unreasonable for counsel to not do so. Magistrate Judge Martinez explained that the failure of Calderon's counsel to consult with Calderon "was not unreasonable because there was no reason for [Calderon's counsel] to think that a rational defendant would want to appeal, and [Calderon] did not reasonably demonstrate that he was interested in appealing." PFRD at 12. Magistrate Judge Martinez based this finding on the fact that Calderon entered into a plea agreement which indicated his desire to end the judicial proceedings, because he received a sentence at the low end of the sentencing guidelines, and because the trial judge advised him of his appellate rights. See PFRD at 12-13. Moreover, the Court agrees with Magistrate Judge Martinez' finding that Calderon fails to show any prejudice by the failure of his counsel to consult with him about an appeal because Calderon does not make any showing that he would have appealed if his counsel had advised him, and fails to explain why he did not file an appeal on his own after the Court instructed him that he could do so. See PFRD at 14-15. The Court therefore overrules this objection.

Calderon also contends that there are hotly contested issues that cannot be resolved without discovery and an evidentiary hearing. See Objections at 8-9. Calderon does not detail the discovery he seeks. Furthermore, the Court has found that the "files and records of the case conclusively show that [Calderon] is entitled to no relief," and the Court therefore will not hold an evidentiary hearing. United States v. Lott, 365 F. App'x 946, 950 (10th Cir. 2010)("A district court 'must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir.1996); 28 U.S.C. § 2255(b)). The Court therefore overrules this objection.

In conclusion, upon careful *de novo* consideration of the record of this case, the PFRD, and Calderon's Objections to the Magistrate's Findings and Recommendations (Doc. 13), the Court finds that all of his objections lack a sound basis in the law or in the facts of this case. The Court therefore will overrule the objections, adopt the PFRD, deny Calderon's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody (Doc. 1), and enter a judgment dismissing this case with prejudice.

**IT IS ORDERED** that: (i) the Defendant/Movant's Objections to the Magistrate's Findings and Recommendations, filed January 3, 2011 (Doc. 13) are overruled; (ii) the Proposed Findings and Recommended Disposition, filed December 9, 2010 (Doc. 12) are adopted by the Court; (iii) the claims raised in Sanchez-Calderon's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody, filed June 29, 2010 (Doc. 1) are denied; and (iv) this case be dismissed with prejudice in a final judgment entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Luis Carlos Sanchez-Calderon
Adams County Correctional Center
Washington, Mississippi

    *Defendant/Movant pro se*

Kenneth J. Gonzales
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff/Respondent*